IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DENISE JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:16-CV-1563-D |
| VS. | § | |
| | § | |
| JANET KARR, d/b/a KARR CATS | § | |
| CATTERY, | § | |
| | § | |
| Defendant-Third-Party Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | |
| DR. DAVID KAHN, et al., | § | |
| | § | |
| Third-Party Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Third-party defendant David Kahn, DVM ("Dr. Kahn") moves to dismiss defendant-third-party plaintiff Janet Karr's ("Karr's") action under Fed. R. Civ. P. 12(b)(6). Plaintiff Denise Johnson ("Johnson") moves to strike Karr's first amended answer. Karr opposes Johnson's motion to strike, and she moves in her response for leave to file her amended answer. For the reasons that follow, the court grants Dr. Kahn's motion to dismiss, but also grants Johnson leave to replead. And it grants Johnson's motion to strike, but also grants Karr leave to file her amended answer.

I

This is an action by Johnson against Karr alleging that Karr is liable on claims for breach of warranty, negligence, and violation of the Texas Deceptive Trade

Practices-Consumer Protection Act, Tex. Bus. & Com. Code Ann. § 17.41 *et seq.* (West 2011). Johnson asserts that Karr, an experienced cat owner and breeder, knew or should have known that "Dallas," the kitten she sold to Johnson, was infected with ringworm. Karr, as third-party plaintiff, brings a third-party action against Dr. Kahn and two other third-party defendants[1], alleging claims for negligence and negligent misrepresentation in connection with their treatment of "Dallas" for ringworm.

## II

The court turns first to Dr. Kahn's motion to dismiss, to which Karr has not responded.

## A

Before deciding the motion, the court addresses *sua sponte* whether Dr. Kahn's March 6, 2017 motion to dismiss, which is addressed to Karr's third-party complaint, filed January 20, 2017, has been mooted by Karr's filing on March 24, 2017 of a first amended third-party complaint. The court holds that it has not been mooted, because the first amended third-party complaint was improperly filed without leave of court and can be disregarded.

"When a party moves to amend his complaint, he must do so in a procedurally proper manner by complying with applicable rules of procedure." *Lefevre v. Connextions, Inc.*, 2014 WL 1390861, at *2 (N.D. Tex. Apr. 10, 2014) (Fitzwater, C.J.) (quoting *Tealer v. Martinez*, 2005 WL 1214707, at *1 (N.D. Tex. May 23, 2005) (Ramirez, J.)). Under Rule

---

[1]Dee Shuttlesworth, DVM, and Campbell Nantucket Animal Hospital, PC d/b/a Animal Medical Center of Richardson.

15(a), a party may amend its pleading once as a matter of course within 21 days after serving it, but "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Karr did not seek leave before filing her amended third party complaint, and it does not appear that she obtained the opposing parties' written consent. Accordingly, the court in deciding Dr. Kahn's motion to dismiss will disregard Karr's improperly-filed first amended third-party complaint and address the sufficiency of her third-party complaint.

## B

In deciding a Rule 12(b)(6) motion, the court evaluates the sufficiency of the third-party complaint "by accepting all well-pleaded facts as true, viewing them in the light most favorable to the [third-party] plaintiff." *Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, 855 F.Supp.2d 615, 618 (N.D. Tex. 2012) (Fitzwater, C.J.) (brackets omitted) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). "The court's review [of a Rule 12(b)(6) motion] is limited to the [third-party] complaint, any documents attached to the [third-party] complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the [third-party] complaint." *Lone Star Fund V ( U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). To survive Dr. Kahn's motion, Karr's third-party complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]").  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'"  *Iqbal*, 556 U.S. at 679 (brackets omitted) (quoting Rule 8(a)(2)).  Furthermore, under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than "'labels and conclusions.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  And "'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).

## C

In her third-party complaint, Karr asserts a negligence claim against Dr. Kahn.[2]  But she does not plausibly allege any facts that would permit the court to reasonably infer that Dr. Kahn acted negligently.  Karr alleges that "[t]he treating veterinarian, [Dr. Kahn], diagnosed Dallas with ringworm, prescribed Terbinafine to be given for 7 days, and recommended that Dallas be reevaluated 28 days after diagnosis," 3d Party Compl. ¶ 9, and

---

[2]Although the third party complaint also contains a negligent misrepresentation claim that refers to "Third-Party Defendants," Karr does not contend that Dr. Kahn made any misrepresentation and does not otherwise allege conduct on the part of Dr. Kahn that would support this claim.

that "Karr began the ringworm treatment at the instruction and under the supervision of Dr. Kahn and Animal Medical Center of Richardson," *id.* ¶ 10. In support of her negligence cause of action, Karr alleges:

> As licensed veterinarians, Third-Party Defendants had a duty to Karr to examine, evaluate, diagnose, and treat Dallas's ringworm consistent with the applicable standard of care in the veterinarian practice. To the extent the finder of fact finds that Dallas was not free of ringworm on December 3-4, 2015, or that some standard of care was not met in diagnosing, treating, or assessing Dallas's ringworm condition, Third-Party Defendants are liable to Plaintiff for breach of their professional duties as licensed veterinarians.

*Id.* ¶ 18. Karr has failed to plausibly allege, however, that in treating "Dallas" for ringworm, Dr. Kahn acted negligently or breached any standard of care. As Dr. Kahn argues in his motion to dismiss, "[t]here is no allegation that Dr. Kahn performed the reevaluation, misdiagnosed ringworm (especially since ringworm is the complained of disease), or somehow failed to inform [Karr] or [Johnson] that 'Dallas' had ringworm." D. Kahn Br. 2. Because Karr has failed to plausibly allege that Dr. Kahn acted negligently in his diagnosis and treatment of "Dallas," the court grants Dr. Kahn's motion to dismiss Karr's third-party action against him.

D

Although the court is dismissing Karr's third-party action against Dr. Kahn, it will permit Karr to replead. *See, e.g., In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (noting that district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing case, unless it is clear

that defects are incurable or plaintiffs advise court that they are unwilling or unable to amend in a manner that will avoid dismissal). Because there is no indication that Karr cannot, or is unwilling to, cure the pleading defects the court has identified, the court grants her 28 days from the date this memorandum opinion and order is filed to file an amended third-party complaint.

III

The court now turns to Johnson's April 17, 2017 motion to strike Johnson's first amended answer.

Under Rule 15(a), a party may amend its pleading once as a matter of course within 21 days after serving it, but "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Karr did not seek leave before filing her amended answer. In her response to Johnson's motion to strike, Karr argues that the magistrate judge's March 2, 2017 order extending the deadline for "Amendment of Pleadings" until April 14, 2017 gave her the right to file a first amended answer without leave of court. The court disagrees.

The October 24, 2016 scheduling order provided that "[a] party *must file a motion for leave* to amend pleadings no later than December 30, 2016." Oct. 24, 2016 Order at 2 (emphasis added). Although the magistrate judge's March 2, 2017 order extended certain deadlines in the scheduling order, it did not otherwise alter the regimen of the order. *See* Mar. 2, 2017 Order at 1 ("The following *deadlines are extended*: . . . Amendment of Pleadings - April 14, 2017." (emphasis added)). In fact, the March 2, 2017 order specifically

- 6 -

states that "[a]ll other terms of the [scheduling order] remain in full force and effect." *Id.* Accordingly, although the March 2, 2017 order enlarged the deadline for filing a motion for leave to amend pleadings from December 30, 2016 to April 14, 2017, it did not alter the requirement that a party move for leave to amend by this date.

Accordingly, Johnson's motion to strike Karr's first amended answer is granted.

IV

In Karr's May 4, 2017 response brief, she moves—essentially in the alternative—for leave to file her amended answer.

A

Because Karr's motion is untimely under the court's scheduling order, as amended by the magistrate judge's order—it was due by April 14, 2017—the court must first decide under the good cause standard of Rule 16(b)(4) whether to modify the scheduling order to permit the motion to be filed. *See, e.g., S & W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003); *Valcho v. Dall. Cnty. Hosp. Dist.*, 658 F.Supp.2d 802, 814 (N.D. Tex. 2009) (Fitzwater, C.J.). To meet this standard, the moving party must show that, despite its diligence, it could not reasonably have met the scheduling order deadline. *See S & W Enters.*, 315 F.3d at 535. Only if the movant first satisfies the requirements of Rule 16(b)(4) must the court next determine whether to grant leave to amend under the more liberal standard of Rule 15(a)(2), which provides that "[t]he court should freely give leave when justice so requires." *See S & W Enters.*, 315 F.3d at 536; *Am. Tourmaline Fields v. Int'l Paper Co.*, 1998 WL 874825, at *1 (N.D. Tex. Dec. 7, 1998)

(Fitzwater, J.).

"The 'good cause' standard focuses on the diligence of the party seeking to modify the scheduling order." *Cut-Heal Animal Care Prods., Inc. v. Agri-Sales Assocs., Inc.*, 2009 WL 305994, at *1 (N.D. Tex. Feb. 9, 2009) (Fitzwater, C.J.). Mere inadvertence on the part of the movant, and the absence of prejudice to the nonmovant, are insufficient to establish "good cause." *Id.*; *Price v. United Guar. Residential Ins. Co.*, 2005 WL 265164, at *4 (N.D. Tex. Feb. 2, 2005) (Fish, C.J.) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)). Instead, the movant must show that, despite its diligence, it could not reasonably have met the scheduling deadline. *See S & W Enters.*, 315 F.3d at 535; *Am. Tourmaline Fields*, 1998 WL 874825, at *1 (citing 6A Wright, et al., Federal Practice & Procedure, § 1522.1 at 231 (2d ed. 1990)); *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (citing *S & W Enters.*, 315 F.3d at 535).

The court assesses four factors when deciding whether to grant an untimely motion for leave to amend under Rule 16(b)(4): "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S & W Enters.*, 315 F.3d at 536 (citation, internal quotation marks, and brackets omitted). The court considers the four factors holistically and "does not mechanically count the number of factors that favor each side." *EEOC v. Serv. Temps., Inc.*, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009) (Fitzwater, C.J.), *aff'd*, 679 F.3d 323 (5th Cir. 2012). When applying this multi-factor test, the court usually denies motions to amend the scheduling order when the

- 8 -

moving party fails to demonstrate that, despite its diligence, it could not have reasonably met the scheduling deadline. *See, e.g., id.* (stating that court "remember[ed] at all times that the good cause inquiry focuse[d] on the diligence of the party seeking to modify the scheduling order," and finding that movant had failed to satisfy good cause standard of Rule 16(b)(4) where it had not provided plausible explanation for its delay, and that this failure to provide plausible explanation outweighed the other factors in the court's analysis).

B

1

The court first considers Karr's explanation for failing to timely file her motion for leave to file an amended answer. Karr contends that her failure to file a motion for leave was not undertaken purposefully, but, instead, was simply due to her attorneys' interpretation of the March 2, 2017 Order: "Karr, through her attorneys, read the [March 2, 2017 Order] as allowing amendment of pleading up until the deadline." D. Br. 3. Karr's explanation for failing to timely file a motion for leave to amend her answer is unpersuasive and is based on a misreading of the scheduling order and the magistrate judge's order. This factor weighs against granting Karr's motion.

2

The second factor considers the importance of the amendment. Karr maintains that

> the amendment is very important to Karr's ability to defend herself against Plaintiff's claims and many of the defenses raised in the *First Amended Answer* (ECF NO. 47) are based upon information Karr has obtained in the discovery process, including information provided by Plaintiff.

D. Resp. 4. Although Johnson does not address the Rule 16(b)(4) factors in her motion to strike (and she has not filed a reply in support of her motion), she contends that many of the defenses Karr raises are factually and/or legally insufficient "and would only force Plaintiff to incur litigation expense to eliminate them." P. Br. 3.

The court concludes that the amendment is important because it would allow Karr to assert potentially case-dispositive affirmative defenses. Therefore, this factor weighs in favor of granting Karr's motion for leave.

3

The third factor considers potential prejudice in allowing the amendment. Johnson contends that she will be prejudiced if Karr is allowed to amend her answer because the discovery deadline is June 16, 2017, leaving her little time to conduct discovery on these defenses, "especially in light of the fact that effective discovery on those issues cannot be conducted without the report of Defendant's expert, which is not due until May 19, 2017." P. Br. 2. Karr maintains that Johnson will not be prejudiced because she was provided notice of Karr's proposed answer within the deadline to amend pleadings, and discovery in this case is still ongoing. Karr also posits that the length of time between amending pleadings and the conclusion of the discovery period was agreed to by Johnson because she agreed to the deadline to amend the discovery deadline currently in place. *See* P. 2/23/17 Br. 1 ("Plaintiff has no objection and consents to the proposed extensions of deadlines, except those related to expert witnesses.").

The court concludes that granting Karr leave to amend her answer after the deadline

for doing so will not prejudice Johnson. First, although Karr did not request leave to file her amended answer until she filed her response to Johnson's motion to strike (20 days after the scheduling order deadline), she filed her amended answer by the deadline that would have applied had she sought leave. This court has noted in similar contexts that when "a party files a motion for leave to amend by the court-ordered deadline, there is a 'presumption of timeliness.'" *Pyramid Transp., Inc. v. Greatwide Dall. Mavis, LLC*, 2012 WL 5875603, at *2 (N.D. Tex. Nov. 21, 2012) (Fitzwater, C.J.) (quoting *Poly-Am., Inc. v. Serrot Int'l Inc.*, 2002 WL 206454, at *1 (N.D. Tex. Feb. 7, 2002) (Fitzwater, J.)). Second, although the discovery deadline is June 16, as the court explains next, a continuance of that deadline could cure any prejudice. Third, Johnson contends that she cannot complete discovery on Karr's defenses until she receives the report of Karr's expert, which was not due until May 19, 2017. But a continuance of the discovery deadline would also address this concern.

4

The fourth factor considers the availability of a continuance to cure any prejudice. The trial of this case is currently set for a two-week docket in April 2018. The court can continue the trial, if necessary, to cure any prejudice caused by allowing the amended complaint. And it can also continue the discovery deadline to accommodate the need for discovery concerning issues raised in Karr's amended answer.

5

The court now considers the four factors holistically. "It does not mechanically count the number of factors that favor each side." *Serv. Temps*, 2009 WL 3294863, at *3.

Assessing the factors as a whole, the court holds that Karr has met the good cause standard for modifying the scheduling order.  Although Karr's explanation for the delay in seeking leave to amend her answer is flawed in certain respects—most notably, her reliance on her counsels' misreading of the scheduling order and magistrate judge's order, the proposed amendment is important, and the court can adequately address any prejudice resulting from allowing the amended answer by continuing the discovery deadline and trial setting.

C

The court next evaluates under the Rule 15(a) standard whether leave to amend should be granted.  *S & W Enters.*, 315 F.3d at 536.  "The court should freely give leave when justice so requires."  Rule 15(a)(2).  The court can discern no compelling reason under this lenient standard to deny Karr leave to amend.  The court therefore grants Karr's motion.  She must file her amended answer within three days of the date this memorandum opinion and order is filed.

\*   \*   \*

For the reasons explained, Dr. Kahn's motion to dismiss is granted, Johnson is granted leave to replead, Johnson's motion to strike is granted, and Karr is granted leave to file her amended answer.

**SO ORDERED**.

May 31, 2017.

SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE